# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCILLE JOYNER Individually and as the Administratrix of the Estate of JANET MARGARET RAINS, her deceased daughter | CIVIL ACTION – LAW |
| | JURY TRIAL DEMANDED |
| ROBERT DRESSLER, and | |
| JASON McCLOE, | NO. |
| **Plaintiffs** | |
| v. | |
| BULOVA TECHNOLOGIES GROUP, INC., | |
| BT-TWISS TRANSPORT, LLC, | |
| TWISS TRANSPORT, INC, | |
| DISNEY WORLDWIDE SERVICES, INC., and | |
| ROBERT EDWIN HAINES | |
| **Defendants** | |

1

## COMPLAINT

AND NOW COME the Plaintiffs Lucille Joyner, Individually and as Administratrix of the Estate of Janet M. Rains, Robert Dressler, and Jason McCloe (collectively "Plaintiffs"), by and through their undersigned legal counsel, to hereby complain against the Defendants Twiss Transport, Inc., BT-Twiss Transport, LLC, Bulova Technologies Group, Inc., Disney Worldwide Services, Inc., and Robert Edwin Haines (collectively "Defendants") as follows:

## OVERVIEW

Disney Worldwide Services, Inc. arranged for the transportation of a truck load of oil from Cargill, Incorporated in Gainesville, Georgia to Disney Worldwide Services, Inc. in Lake Buena Vista, Florida. To transport the oil, Disney Worldwide Services, Inc. improperly brokered or sub-contracted the transportation of the oil to Twiss Transport, Inc. On July 14, 2017, in the course of transporting the oil for Twiss Transport, Inc., Defendant Robert Edward Haines drove the company's tractor-trailer off the roadway of I-75 southbound in Marion County, Florida striking multiple vehicles lawfully stopped on the shoulder of the road, causing the death of Janet Rains and severe and permanent injuries to Plaintiffs Robert Dressler and Jason McCloe ("the Crash"). Other people were also maimed and killed in the Crash.

2

## PARTIES

1.     Plaintiff Lucille Joyner ("Ms. Joyner") is a competent adult individual who resides at 1006 Colonial Road, Franklin Lakes, New Jersey 07417. At all relevant times hereto, Ms. Joyner was the mother of Janet M. Rains, deceased. Ms. Joyner has been duly appointed as the Administratrix of the Estate of Janet M. Rains. A copy of the Appointment Certificate is attached hereto as Exhibit 1.

2.     Prior to her death, Janet M. Rains ("Ms. Rains") resided at 127 Broad Street, Pittston, Pennsylvania 18640.

3.     Robert Dressler ("Mr. Dressler") is a competent adult individual who resides at 152 ½ South Main Street, Wilkes-Barre, Pennsylvania 18705.

4.     Jason McCloe ("Mr. McCloe") is a competent adult individual who resides at 109 Midland Court, Wilkes-Barre, Pennsylvania 18702.

5.     Defendant Twiss Transport, Inc. ("Twiss") (USDOT#949564 / MC# 407212) is Florida Profit Corporation with a principal place of business located at 1501 Lake Avenue SE, Largo, Florida 33771.

6.     Defendant BT-Twiss Transport, LLC ("BT-Twiss") is a Florida Limited Liability company with a principal place of business located at 1501 Lake Avenue SE, Largo, Florida 33771.

3

7.     Defendant Bulova Technologies Group, Inc. ("Bulova") is a Florida Profit Corporation with a principal place of business located at 1501 Lake Avenue SE, Largo Florida 33771.

8.     Defendant Disney Worldwide Services, Inc. ("Disney") is a Florida Profit Corporation with a principal place of business located at 1375 East Buena Vista Drive, 4th Floor North, Lake Buena Vista, Florida 32830.

9.     Defendant Robert Edwin Haines ("Haines") is, based upon information and belief, a competent adult individual who resides at 0372 126th Avenue Lot 73, Largo, Florida 33773.

10.    At all times relevant hereto, Defendants Twiss, BT-Twiss, Bulova, and Disney were or should have been authorized interstate motor carriers authorized to transport goods in interstate commerce and in the Commonwealth of Pennsylvania pursuant to one or more permits issued by the Interstate Commerce Commission and/or by the United States Department of Transportation ("USDOT"). Accordingly, Defendants Twiss, BT-Twiss, Bulova, and Disney were subject to all state and federal laws, statutes regulations and industry standards governing the hiring of safe and qualified commercial drivers, the safe maintenance and operation of commercial motor vehicles, and the safe brokering of goods in interstate commerce, including without limitation Title XXIII of the Florida Statutes governing motor vehicles and the Federal Motor Carrier Safety

Regulations ("FMCSR") set forth subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49 – Transportation.

11.    At all times relevant hereto, Haines was a class A licensed motor vehicle operator driving a 2014 Peterbilt semi bearing VIN #1XP4D49X4ED240308 towing a trailer bearing VIN #1JJV532B5AL354871 (herein collectively referred to as "Tractor Trailer"). Accordingly, Haines was subject to all state and federal laws, statutes, regulations and industry standards governing the safe maintenance and operation of commercial motor vehicles and tandem trailers including, without limitation, Title XXIII of the Florida Statutes governing motor vehicles and the Federal Motor Carrier Safety Regulations set forth subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49 – Transportation.

12.    At all times relevant hereto, the Tractor Trailer was owned by Twiss, BT-Twiss, and/or Bulova and was being operated and/or controlled by Haines with Defendants' consent for the benefit of Defendants Twiss, BT-Twiss, Bulova and/or Disney.

13.    At all times relevant hereto, Haines was employed and/or contracted to perform services for and was operating the Tractor Trailer for Defendants Twiss, BT-Twiss, Bulova, and/or Disney under Defendant Twiss' USDOT operating authority and was subject to Defendants Twiss, BT-Twiss, Bulova and/or Disney's

control or right to control, such that the Defendants should be considered his actual and statutory employer and therefore vicariously liable for Haines' negligence and recklessness.

14.    At all relevant times hereto, Twiss, BT-Twiss and Bulova acted as a single entity, and operated and conducted business as a single entity for transporting goods in interstate commerce.

15.    At all relevant times hereto, Twiss, BT-Twiss and Bulova shared the same address, phone number, vehicles, officers, directors, and employees as if it was a single entity.  In fact, the three entities were so interrelated and operated so much as a single entity that they filed a single consolidated financial statement.

16.    At all relevant times hereto, Twiss, BT-Twiss and Bulova acted as a joint venture for transporting goods in interstate commerce.

17.    At all relevant times hereto, the joint venture agreement between Twiss, BT-Twiss and Bulova provided for Bulova's 30% ownership interest in Twiss.   Through the acquisition of the shares of Twiss and the formation of the transportation joint venture BT-Twiss, Bulova and BT-Twiss were fully responsible for operational management of Twiss, played an active role and involvement in the ongoing activities of Twiss, and had full power to direct the activities of Twiss.   At all times material hereto, Twiss, BT-Twiss and Bulova were engaged in a business venture whereby Twiss and BT-Twiss provided the

expertise, professional services and licensures necessary for freight transportation of goods and broker logistic services in interstate commerce and Bulova provided setting, operational infrastructure, equipment, staffing, technology, materials, advertising, necessary funding, and public relations activities for the functioning of the freight transportation of goods and broker logistic services.

18.    At all times material hereto, Twiss, BT-Twiss and Bulova had entered into a continuing business transaction in which they consolidated all entities and entered into one single entity operating as a joint venture providing full service freight transportation, freight storage, and freight logistics brokering, operating and utilizing a fleet of semi-trucks, trailers, warehouses, and facilities.  The entities combined their resources, officers, personnel and/or efforts and agreed to undertake a common interest in the delivery of services in the commercial trucking industry providing freight transportation of goods and broker logistics in interstate commerce.  Twiss, BT-Twiss and Bulova shared in all profits that were generated.

19.    Accordingly, Twiss, BT-Twiss, and/or Bulova are personally liable, jointly and severally, in partnership, joint venture or sole proprietorship for the Crash and resulting death of Ms. Rains and permanent injuries and damages suffered by Mr. Dressler and Mr. McCloe, claimed herein.

20.    At all relevant times hereto, Disney contracted with Defendants Twiss, BT-Twiss and/or Bulova to move the load being transported by Haines.

21.    At all relevant times hereto, Defendant Disney acted as a motor carrier as well as the broker of the load being transported at the time of the Crash, despite having no operating authority to do so.

22.    Each Defendant acted in a manner that either alone or combined and occurring with the actions of other Defendants' acts of negligence, directly and proximately caused the Crash and the resulting injuries suffered to the Plaintiffs.

23.    Plaintiffs, Lucille Joyner Individually and as the Administratrix of the Estate of Janet M. Rains, Robert Dressler and Jason McCloe seek damages for all harms and losses permissible under Pennsylvania law, including, but not limited to, the conscious pain and suffering, disfigurement and mental anguish caused as a result of their respective injuries.

## **JURISDICTION & VENUE**

24.    At all relevant times hereto, Defendants Twiss, BT-Twiss, Bulova, Haines and Disney regularly and systematically conducted business in Pennsylvania.

25.    At all relevant times hereto, upon information and belief, Defendants Twiss, BT-Twiss, Bulova, Haines and Disney owned, controlled, and/or operated real property in Pennsylvania.

26.     At all relevant times hereto, Defendants Twiss, BT-Twiss, Bulova, Haines and Disney regularly and systematically used roads and paid tolls in Pennsylvania in order to realize a financial gain.

27.     At all relevant times hereto, as part of its logistics network, tractor trailers owned, operated, inspected, repaired and/or supervised by Defendants Twiss, BT-Twiss, Bulova, and Disney and/or driven by Haines regularly and routinely passed through and made stops in Pennsylvania.

28.     By way of example, upon information and belief, Defendants Twiss, BT-Twiss, and/or Bulova were involved in a motor vehicle Crash in Pennsylvania on May 29, 2016.

29.     Upon information and belief, Defendants Twiss, BT-Twiss, and/or Bulova had a history of violations, in the Commonwealth of Pennsylvania, in the twenty-four (24) months immediately preceding the Crash, including, but not limited to:

a.     02/09/2017 – Unsafe Driving Violation: 392.2C; Hours of Service Compliance Violation: 395.3(a)(3)(ii); Hours of Service Compliance Violation: 395:3A3-PROP;

b.     06/20/2016 – Hours of Service Compliance Violation: 395.8(f)(1);

c.     07/17/2015 – Unsafe Driving Violation: 392.16; Unsafe Driving Violation: 392.2-SLLS2.

30.   At all relevant times hereto, Twiss, BT-Twiss and/or Bulova had pleaded guilty to numerous citations in the state of Pennsylvania, including, but not limited to:

    a.    09/26/2012 – 75 § 4107 §§ B2.1 – Unlawful Act. – Operating with a Hazardous Brake System;

    b.    09/26/2012 – 75 § 4107 §§ B2 – Operate, or cause to permit another person to operate a vehicle that is in unsafe condition or in violation of department regulations;

    c.    11/10/2013 – 75 § 3353 §§ A311 – Illegal Park Where Official Signs Prohibit; and

    d.    07/28/2015 – 75 § 4533 – Splashguard Regulation Violation.

31.   At all relevant times hereto, Twiss, BT-Twiss, Bulova, Disney and Haines have used Pennsylvania roads, tolls and used Pennsylvania resources, including but not limited to the Pennsylvania Judicial system.

32.   At all relevant times hereto, Defendants Twiss, BT-Twiss, and Bulova have contracted with Allegheny Machine Tool Systems Inc., and Pennco Machinery, LLC., both located in Pennsylvania, to be the exclusive distributors of their products.

33.   Accordingly, Defendants Twiss, BT-Twiss, Bulova, and Haines have minimum contacts in Pennsylvania and within the Middle District.

34.    At all relevant times hereto, Defendants Twiss, BT-Twiss, Bulova, and Haines purposefully availed themselves to Pennsylvania and the Middle District.

35.    At all relevant times hereto, Defendants Twiss, BT-Twiss, and Bulova subjected themselves to jurisdiction by Pennsylvania courts. See Miller v. Twiss Transport, Inc, et. al., 2:14-cv-01782.

36.    Upon information and belief, between 2016 and 2017, Disney has performed, or is scheduled to perform, approximately 56 "Disney on Ice" shows in the Commonwealth of Pennsylvania, including 20 such shows in the Middle District.

37.    In fact, Disney is scheduled to perform a "Disney Live" show in Wilkes-Barre, Pennsylvania on November 10, 2017.

38.    These "Disney Live" shows require, at a minimum, that Disney moved goods and products throughout Pennsylvania on a regular and systematic basis.

39.    Disney necessarily obtained permits for production of such shows.

40.    Furthermore, Disney owns and/or operates a "Disney Store" in Hershey, Pennsylvania, which is located in the Middle District of Pennsylvania.

41.    Disney regularly and systematically markets, advertises, and sells its products and services to consumers in the Middle District of Pennsylvania.

42.     At all relevant times hereto, Disney regularly and systematically conducted business in Pennsylvania.

43.     Disney had minimum contacts in Pennsylvania and the Middle District.

44.     At all relevant times hereto, Disney purposefully availed itself to Pennsylvania and the Middle District.

45.     At all relevant times hereto, Defendants movement of goods and services gave rise to the subject collision providing a specific contact for in personam jurisdiction in Pennsylvania.

46.     At all relevant times hereto, Ms. Rains, Mr. Dressler, and Mr. McCloe are/were Pennsylvania residents, all residing within the Middle District.

47.     At all relevant times hereto, the Estate of Ms. Rains was opened in the Middle District of Pennsylvania.

48.     At all relevant times hereto, Mr. Dressler and Mr. McCloe received treatment for their injuries in the Middle District of Pennsylvania.

49.     Accordingly, this Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because (a) there is complete diversity of citizenship between Plaintiffs and Defendants; and (b) the matter in controversy exceeds the jurisdictional limit.

50.     This Honorable Court is the proper venue under 28 U.S.C. §1391(d).

## FACTS COMMON TO ALL COUNTS

### A.  The Collision

51.  On July 14, 2017 around noon, Plaintiffs were in Florida as part of the band Adrenaline Mob's ("the Band") "We the People Tour."  They were traveling South on Interstate 75 (SR-93) near mile marker 372 in Marion County, Florida heading to a scheduled performance later that day in St. Petersburg, Florida.  The weather conditions were good and visibility on the roadway was clear.

52.  The members of the Band and touring crew were traveling in two separate vehicles, a 1999 Chevrolet Landau RV bearing license plate R58HYF, ("RV") being driven by Mr. McCloe, and a 2003 GMC Savanna Van -- bearing license plate PRIAPUS, ("Van"), being driven by Jordan Cannata ("Mr. Cannata"), which was pulling a 2007 EZ Haul utility trailer with the band's musical equipment bearing license plate AN81425, ("Utility Trailer").

53.  At about noon, the RV experienced a flat tire.  Mr. McCloe pulled the RV completely out of the travel lanes and onto the West portion of the paved shoulder of I-75 South, near mile marker 372.  Mr. Cannata also pulled the Van and Utility Trailer completely out of the travel lanes and onto the West portion of the paved shoulder of I-75 South, near mile marker 372. The Van and Utility Trailer were stopped in front of the RV.

54.     The RV, Van and Utility Trailer were completely stopped and out of the travel lanes of I-75 South when the Crash occurred.

55.     At about 12:20 p.m., Haines was also traveling south on I-75 while operating the Tractor Trailer for Defendants Twiss, BT-Twiss, Bulova, and/or Disney as set forth herein and in his capacity as agent, servant, workman, and/or employee of Twiss, BT-Twiss, Bulova, and/or Disney.

56.     Haines operated the Tractor Trailer in a reckless, careless, and negligent manner, so as to drive off of the roadway and Crash into the RV, Utility Trailer and Van.

57.     At the time of the Crash, upon information and belief, Plaintiffs Mr. McCloe, Mr. Dressler, and Ms. Rains, along with Russell Allen ("Mr. Allen") and Dale Campiglia ("Mr. Campiglia") were all located inside the disabled RV. Mr. Cannata and Michael Orlando ("Mr. Orlando") were inside of the stopped Van. Dave Zablidowsky ("Mr. Zablidowsky") was standing on the shoulder near the side of the RV.

58.     Upon information and belief, the collision ripped open the left side of the RV and caused the RV to propel forward and impact Mr. Zablidowsky, who was thrown down and pinned underneath the RV. The RV then burst into flames and caught fire, killing Mr. Zablidowsky. The Tractor Trailer then collided with the Utility Trailer and Van.

59.     As a result of the impact and fire, Ms. Rains suffered horrific, serious and severe burns throughout her body and Mr. Allen with the help of Good Samaritan passing motorists had to pull Ms. Rains from the burning RV.

60.     As a result of the Crash, Plaintiffs Mr. McCloe and Mr. Dressler sustained severe and permanent injuries and witnessed the death of Mr. Zablidowsky and severe burning of Ms. Rains.

**B.     Defendant Robert Haines**

61.     On the aforementioned date, place, and time, Haines operated the aforesaid Tractor Trailer in such a reckless, careless, and negligent manner so as to drive off of the roadway causing this Crash and the fire resulting therefrom.

62.     At all times relevant, upon information and belief, Haines was under the influence of the following medications: Albuterol Sulfate Inhalation Solution; Amlodipine Besylate; Asprin; Clopidogrel; Irbesartan; Linisopril; Metoprolol; Pantoprazole; Pramipexole Dihydrochloride; Proair HFA Inhalation Aerosol; and Symbicort budesonide 160mg/formoterol fumarate dehydrate.

63.     Several of the medications, individually and when combined with the other listed medications, have the known side effect of causing drowsiness and/or other side effects that should prevent and disqualify a professional truck driver from operating any commercial motor vehicle, including the Tractor Trailer.

64.    Upon information of belief, at the time of the Crash, Haines was in violation of the FMCSR hours of service limits and consciously chose to operate the Tractor Trailer in a fatigued condition. Moreover, Twiss, BT-Twiss, Bulova, and/or Disney participated in, knew, or should have known that Haines was operating over hours, driving while fatigued and otherwise operating the Tractor Trailer in an unsafe, dangerous and reckless condition in violation of the FMCSR's and Florida law.

65.    At all relevant times, upon information and belief, Haines' fatigued and medicated condition impaired his judgment, perception and reaction to such an extent that he fell asleep or otherwise inexplicably drove off the highway, onto the shoulder striking the RV, Utility Trailer and Van without braking.

66.    At all relevant times, Haines had an unsafe history of motor vehicle violations including, but not limited to:

    a.  Driving 15-20 mph above limit;

    b.  Unlawful speed in a work zone / school zone;

    c.  Following too closely; and

    d.  Driving 11-14 mph above the speed limit.

67.    At all relevant times, Twiss, BT-Twiss, Bulova, and/or Disney knew or should have known that Haines failed and/or refused to list the above motor vehicle violations on his employment application.

68.     In fact, Haines had approximately thirty-five (35) violations, including multiple hours of service violations, in the thirty (30) days immediately preceding the Crash.

69.     At all relevant times, Twiss, BT-Twiss, Bulova, and/or Disney permitted Haines to operate the Tractor Trailer even though those Defendants knew or should have known that Haines tested positive, or refused to test, on a pre-employment drug or alcohol test.

70.     At all relevant times, Twiss, BT-Twiss, Bulova and/or Disney permitted Haines to operate the Tractor Trailer even though those Defendants knew or should have known that Haines did not provide proof that he successfully completed the DOT return-to-duty requirements, specific to alcohol and drug use when a driver tests positive and/or refuses a drug or alcohol test.

71.     At all relevant times, Defendant Haines also had a medical history of, inter alia, the following: Heart disease; Pacemaker, stents, implantable devices, or other heart procedures; high blood pressure; high cholesterol; lung disease; kidney problems, kidney stones, or pain/problems with urination; stomach, liver, or digestive problems; diabetes or blood sugar problems, insulin used; anxiety, depression, nervousness, other mental health problems; and fainting or passing out.

72.     Several of Haines' medical conditions, individually and when combined with his other medical conditions, should prevent and disqualify a

professional truck driver from operating a commercial motor vehicle, including the Tractor Trailer.

73.  At all relevant times, Twiss, BT-Twiss, Bulova and/or Disney permitted Haines to operate a Tractor Trailer under their control when those Defendants knew or should have known that Haines required periodic medical monitoring.

74.  At all relevant times, Twiss, BT-Twiss, Bulova and/or Disney failed to verify that Haines received periodic medical monitoring as required and still permitted Haines to operate the Tractor Trailer under their control.

75.  At all relevant times, Twiss, BT-Twiss, Bulova and/or Disney knew or should have known that Haines had a history of being deemed medically disqualified from operating a commercial motor vehicle yet permitted Haines to operate the Tractor Trailer under their control while Haines' ability and alertness were so impaired, through fatigue, illness or otherwise, that he was unsafe to operate the Tractor Trailer.

76.  At all relevant times, Twiss, BT-Twiss, Bulova, and/or Disney continued to allow Haines to operate the Tractor Trailer when they knew or should have known that Haines' medical history made him a danger to the driving public.

77.  At all relevant times, upon information and belief, Twiss, BT-Twiss, and/or Bulova had a propensity for motor vehicles crashes including, but not

limited to, approximately 14 motor vehicle crashes in the 24 months preceding the instant Crash, 10 of which involved bodily injuries and one crash involved a fatality. That information was known and/or readily available to BT-Twiss, Bulova, and Disney, all before this Crash that killed 2 people and injured 6 people.

78.   At all relevant times, upon information and belief, Twiss, BT-Twiss, and/or Bulova had a propensity for violations, including, but not limited to, approximately 87 violations in the 24 months preceding the Crash. That information was known and/or readily available to BT-Twiss, Bulova, and Disney.

79.   At all relevant times, the FMCSA as part of its Safety Management System maintained a user-friendly website that was available to the public that tracks the registration, safety and compliance of all motor carriers that have a USDOT number, like Twiss. The online FMCSA information also provided historical information and easy to understand explanations of how to use the site and what each category of information and score means. The FMCSA's online public information also listed the crashes and safety violations of Twiss for the last 24 months.

80.   BT-Twiss, Bulova, and/or Disney were aware of the FMCSA website.

81.   At all relevant times, the FMCSA website contained information that should have alerted BT-Twiss, Bulova, and Disney that Twiss was an unsafe motor carrier that utilized unsafe drivers and dangerous equipment.

82.   Moreover, Twiss, BT-Twiss, and Bulova share offices, officers, directors and common ownership.  Accordingly, BT-Twiss and Bulova are charged with actual and constructive knowledge of all of the facts and information available to Twiss, which showed prior to the Crash that Twiss was an unsafe motor carrier that utilized unsafe drivers and dangerous equipment.

83.   Despite Twiss' deplorable safety record, incompetence, and dangerous behaviors, BT-Twiss, Bulova, and Disney negligently, recklessly and with conscious disregard for the safety of the driving public operated, hired and retained Twiss to deliver goods to its customers using tractors and trailers.

84.   Bulova had the contractual right to and/or exercised such control over the transportation of the load in question, Haines and the Tractor Trailer, that Haines, Twiss and BT-Twiss should be considered Bulova's agent.

85.   Disney had the contractual right to and/or exercised such control over the transportation of the load in question, Haines and the Tractor Trailer, that Haines, Twiss, BT-Twiss, and Bulova should be considered Disney's agent.

86.   Disney had the contractual right to and/or exercised such control over the transportation of the load in question, the Tractor Trailer, Haines, Twiss, BT-Twiss and/or Bulova that they each should be considered Disney's agent.

### C.    Janet Rains Injuries and Damages

87.    As a result of the Crash, and the aforesaid recklessness, carelessness, and negligence, Ms. Rains suffered severe burns to over 62% of her total body. She was transported to UF Shands Hospital in Gainesville, Florida where she lived in pain and agony for 40 days. Due to her prolonged hospitalization and complications from her severe burns and other injuries, Janet Rains died on August 23, 2017.

88.    Plaintiff, Lucille Joyner, Individually and as the Administratrix of the Estate of Janet Rains, deceased, brings this action pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. §8301 on behalf of the Estate of the Decedent, Ms. Rains, and on behalf of those entitled by law to recover damages from the wrongful death of the Decedent.

89.    The names and addresses of all persons legally entitled to recover damages for the death of the Decedent and their relationship to the Decedent, Ms. Rains, are as follows:

a.    Lucille Joyner, 1006 Colonial Road, Franklin Lakes, New Jersey 07417, surviving mother;

b.    John K. Rains, III, 527 Lakeside Road, Hewitt, New Jersey 07421, surviving brother.

90.   The Decedent did not bring any action for wrongful death and survival against the Defendants during her lifetime.

91.   Lucille Joyner, by reason of the death of the Decedent, has suffered fiduciary loss, expenses of last illness, and expenses of administration of the Estate. Ms. Joyner has also suffered mental anguish, pain and suffering, loss of support and services, loss of companionship, consortium, love, care, assistance, attention, protection, advice, guidance, counsel, instruction, and other damages ("Wrongful Death Damages").

**D.   Robert Dressler's Injuries and Damages**

92.   As a result of the Crash, Mr. Dressler suffered severe injuries and resulting pain, suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, inconvenience, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are permanent and continuing, and he will continue to suffer these losses in the future ("Mr. Dressler's Damages").

**E.   Jason McCloe's Injuries and Damages**

93.   As a result of the Crash, Mr. McCloe suffered severe injuries and resulting pain, suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, inconvenience, medical and nursing care and treatment, and aggravation of a previously existing condition. The

losses are permanent and continuing, and he will continue to suffer these losses in the future ("Mr. McCloe's Damages").

94.    As a result of the aforesaid injuries, and the natural consequences thereof, Plaintiffs Dressler and McCloe, as of the time of the filing of this Complaint, have required treatment from, and continue to require treatment for the aforesaid injuries and the natural consequences thereof.

95.    All of the treatment for Plaintiffs' injuries and the natural consequences thereof, has been deemed reasonable and necessary.

96.    As a result of the aforesaid injuries, and the natural consequences thereof, Plaintiffs sustained a loss of the everyday pleasures and enjoyments of life, and will continue to suffer the same for an indefinite period of time into the future.

97.    As a result of the aforesaid injuries, and the natural consequences thereof, Plaintiffs sustained embarrassment and humiliation and will continue to suffer the same for an indefinite period of time into the future.

98.    As a result of the aforesaid injuries, and the natural consequences thereof, Plaintiffs suffered physical and mental pain and suffering and will continue to suffer the same for an indefinite period of time into the future.

99.    As a result of the negligence, carelessness, and recklessness of Haines, Twiss, BT-Twiss, Bulova, and Disney, Plaintiffs have suffered such harms as have been previously stated.

100.   At all relevant times hereto, Plaintiffs acted in a safe, prudent, and reasonable manner and in no way contributed to their injuries or damages.

## COUNT I
## Lucille Joyner, Individually And As The Administratrix Of The Estate Of Janet Rains, her daughter Wrongful Death v. Defendant Haines

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

101.   Haines had a duty to drive the Tractor Trailer in a safe and reasonable manner and obey all traffic and other commercial motor vehicle safety laws.

102.   On July 14, 2017, Haines breached these duties when he drove the Tractor Trailer off the roadway, striking the RV, Van and Utility Trailer and killing Ms. Rains. In addition to driving too fast for the conditions, failing to keep the Tractor Trailer in his lane and other violations, Haines was driving the Tractor Trailer while fatigued as evidenced, in part, by the fact that he had substantially exceeded the hours-of-service regulations that impose limits on the number of hours a commercial motor vehicle driver can safely drive.

103.   Haines' negligence and recklessness was a direct and proximate cause of Ms. Rains' injuries and death and the Wrongful Death Damages.

104.   Haines' actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Ms. Rains and others, which

Haines knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Plaintiff Joyner demands punitive damages.

**WHEREFORE**, the Plaintiff, Lucille Joyner, Individually and as the Administratrix of the Estate of Janet Rains, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Robert Edwin Haines, under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT II
### Lucille Joyner, Individually And As The Administratrix Of The Estate Of Janet Rains, her daughter Wrongful Death Vicarious Liability v. Defendant Twiss

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

105. At all relevant times, Haines was the employee, agent, servant, or independent contractor for Twiss and operating the Tractor Trailer in the course and scope of this employment. Twiss, therefore, is vicariously liable for the acts of Haines.

106. In the alternative, Twiss had the right to exercise control over Haines' work in connection with the load and/or direct the manner in which the details of work were executed.

107. Operating a tractor trailer of the size and weight of the load involved in this collision may be carried out safely, but it is likely to cause injury if precautions are not taken.

108. Without regard to employment or agency relationship, Twiss is an interstate motor carrier and the registered owner of the USDOT number displayed on the Tractor Trailer involved in this collision.

109. Twiss is therefore responsible for the acts of Haines as a matter of law and the resulting Wrongful Death Damages.

**WHEREFORE**, the Plaintiff, Lucille Joyner, Individually and as the Administratrix of the Estate of Janet Rains, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Twiss Transport Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT III
### Lucille Joyner, Individually And As The Administratrix Of The Estate Of Janet Rains, her daughter Wrongful Death Active Negligence v. Defendant Twiss

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

110. Twiss owed Plaintiffs a duty to transport or arrange for transport of the load in question with due care and failed to do so.

111.   Twiss undertook the duty to transport or arrange for the transport of this load in a commercial motor vehicle and therefore owed Plaintiffs the duty to discharge the undertaken duty in a reasonably prudent manner and breached its undertaken duty as set forth herein.

112.   Moreover, Twiss had an independent duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Haines; promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe; and exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

113.   Twiss breached these duties by, among other things, failing to investigate Haines' background; negligently hiring, training, retaining and supervising Haines; negligently entrusting the Tractor Trailer to Haines despite his dangerous driving propensity, medical issues, medications and fatigue; permitting Haines to operate the Tractor Trailer while ill, fatigued and over hours; knowingly violating federal regulations and state laws regarding the responsibilities of motor carriers and the safe operation of commercial motor vehicles; having a negligent mode of operation and poor safety culture that created a danger to all motorists including Plaintiffs; knowingly violating federal and state laws regarding the responsibilities of motor carriers and the safe operation of commercial motor

vehicles; and failing to exercise reasonable care under all of the surrounding circumstances.

114. Twiss' negligence was a direct and proximate cause of Ms. Rains' injuries and death and the Wrongful Death Damages.

115. Furthermore, Twiss acted in conscious disregard for the rights and safety of the motoring public by placing more emphasis on profits than on safety and by habitually and recklessly disregarding state and federal laws and regulations and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier, and the safe operation of commercial motor vehicles, such that it created a culture of danger and zone of risk that was reasonably anticipated to cause injury and death to the traveling public.

116. Twiss' actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Ms. Rains and others, which Twiss knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Plaintiff Joyner demands punitive damages.

**WHEREFORE**, the Plaintiff, Lucille Joyner, Individually and as the Administratrix of the Estate of Janet Rains, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Twiss Transport Inc., under the applicable statutes of

the Commonwealth of Pennsylvania and the Federal and Middle District Rules of

Court.

## COUNT IV
### Lucille Joyner, Individually And As The Administratrix Of The Estate Of Janet Rains, her daughter Wrongful Death Negligent and/or Reckless Hiring/Supervision/Retention v. Defendant Twiss

All allegations and causes of action in this Complaint, pled above and

below, are incorporated into this cause of action by this reference.

117. Twiss owed Plaintiffs a duty to transport or arrange for transport of

the load in question with due care and failed to do so.

118. Twiss undertook the duty to transport or arrange for the transport of

this load in a commercial motor vehicle and therefore owed Plaintiffs the duty to

discharge the undertaken duty in a reasonably prudent manner and breached its

undertaken duty as set forth herein.

119. Moreover, Twiss had an independent duty to act reasonably in hiring,

instructing, training, supervising and retaining its drivers and other employees and

agents, including Defendant Haines; promulgate and enforce policies, procedures,

and rules to ensure that its drivers and vehicles were reasonably safe; and exercise

reasonable care in entrusting its vehicles and equipment to responsible, competent

and qualified drivers.

120. Twiss breached these duties by, among other things, failing to

investigate Haines' background; negligently hiring, training, retaining and

supervising Haines; negligently entrusting the Tractor Trailer to Haines despite his dangerous driving propensity, medical issues, medications and fatigue; permitting Haines to operate the Tractor Trailer while ill, fatigued and over hours; knowingly violating federal regulations and state laws regarding the responsibilities of motor carriers and the safe operation of commercial motor vehicles; having a negligent mode of operation and poor safety culture that created a danger to all motorists including Plaintiffs; knowingly violating federal and state laws regarding the responsibilities of motor carriers and the safe operation of commercial motor vehicles; and failing to exercise reasonable care under all of the surrounding circumstances.

121. Twiss' negligence was a direct and proximate cause of Ms. Rains' injuries and death and the Wrongful Death Damages.

122. Furthermore, Twiss acted in conscious disregard for the rights and safety of the motoring public by placing more emphasis on profits than on safety and by habitually and recklessly disregarding state and federal laws and regulations and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier, and the safe operation of commercial motor vehicles, such that it created a culture of danger and zone of risk that was reasonably anticipated to cause injury and death to the traveling public.

123.   Twiss' actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Ms. Rains and others, which Twiss knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Plaintiff Joyner demands punitive damages.

**WHEREFORE**, the Plaintiff, Lucille Joyner, Individually and as the Administratrix of the Estate of Janet Rains, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Twiss Transport Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

### COUNT V
### Lucille Joyner, Individually And As The Administratrix Of The Estate Of Janet Rains, her daughter Wrongful Death Vicarious Liability v. Defendant BT-Twiss

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

124.   At all relevant times, BT-Twiss, directly and/or through its right to control Twiss and Haines, routinely employed, selected and contracted with companies and drivers to transport loads.

125.   Driving the Tractor Trailer involved in this Crash constituted work that involved the risk of physical harm unless it was skillfully and carefully done or precautions were taken. Defendant BT-Twiss knew or should have known this,

but failed to take the necessary precautions with respect to this risk. This negligence also was a proximate cause of the Crash and Plaintiff's resulting Wrongful Death Damages.

126.   At all relevant times, Twiss and Haines were each the employee, agent, servant, independent contractor for, or were acting in joint venture with BT-Twiss and operating in the course and scope of this employment, agency, or joint venture.

127.   BT-Twiss retained the right to exercise control over Twiss and Haines in connection with this load and BT-Twiss' activities were directed to the details required for the ultimate purpose for which it was hired by the shippers; that is, delivery of a load to its proper destination in a timely fashion.

128.   BT-Twiss, therefore, is vicariously liable for the acts of Twiss and Haines with respect to the Crash.

**WHEREFORE**, the Plaintiff, Lucille Joyner, Individually and as the Administratrix of the Estate of Janet Rains, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, BT-Twiss Transport, LLC., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT VI
## Lucille Joyner, Individually And As The Administratrix Of The Estate Of Janet Rains, her daughter Wrongful Death Active Negligence vs. Defendant BT-Twiss

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

129. BT-Twiss owed Plaintiffs a duty to transport or arrange for transport of the load in question with due care and failed to do so.

130. BT-Twiss undertook the duty to transport or arrange for the transport of this load in a commercial motor vehicle and therefore owed Plaintiffs the duty to discharge the undertaken duty in a reasonably prudent manner and breached its undertaken duty as set forth herein.

131. Furthermore, BT-Twiss had an independent duty to only select and partner/joint venture with safe and competent contractors and motor carriers to transport goods in interstate commerce, including the load in question being transported by the Tractor Trailer.

132. BT-Twiss breached these duties by retaining or joint venturing with incompetent, unfit and inexperienced contractors or subhaulers, Twiss and Haines, to transport the load in question.

133. Defendant BT-Twiss knew or should have known of the alleged incompetence, including without limitation that Twiss had multiple hours of service and other FMCSR safety violations; that Twiss failed to properly screen,

hire, train and supervise its drivers; the Twiss permitted medically disqualified drivers, ill and fatigued drivers, and tired drivers over their hours of service limitations to continue to drive commercial motor vehicles; that Twiss did not have proper safety systems and audit systems in place to monitor its drivers and correct any safety violations; that Twiss acted in conscious disregard for the rights and safety of the motoring public; and that Twiss habitually and recklessly disregarded state and federal laws, regulations and industry standards governing the safe operation of commercial motor vehicles.

134. The incompetence, lack of fitness and unlawful behavior of Defendants Twiss and Haines were a proximate cause of the Crash and Plaintiff's resulting Personal Injury Damages

135. BT-Twiss' negligence was a direct and proximate cause of Ms. Rains' injuries and death and the Wrongful Death Damages.

136. BT-Twiss' actions were reckless and demonstrated a conscious disregard of or indifference to the life, rights and safety of Ms. Rains and others, which BT-Twiss knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Plaintiff Joyner demands punitive damages.

**WHEREFORE**, the Plaintiff, Lucille Joyner, Individually and as the Administratrix of the Estate of Janet Rains, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive

damages from the Defendant, BT-Twiss Transport, LLC., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

### COUNT VII
### Lucille Joyner, Individually And As The Administratrix Of The Estate Of Janet Rains, her daughter Wrongful Death Negligent and/or Reckless Hiring/Supervision Retention v. Defendant BT-Twiss

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

137.   BT-Twiss owed Plaintiffs a duty to transport or arrange for transport of the load in question with due care and failed to do so.

138.   BT-Twiss undertook the duty to transport or arrange for the transport of this load in a commercial motor vehicle and therefore owed Plaintiffs the duty to discharge the undertaken duty in a reasonably prudent manner and breached its undertaken duty as set forth herein.

139.   Moreover, BT-Twiss had an independent duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Haines; promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe; and exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

140. BT-Twiss breached these duties by, among other things, failing to investigate Haines' background; negligently hiring, training, retaining and supervising Haines; negligently entrusting the Tractor Trailer to Haines despite his dangerous driving propensity, medical issues, medications and fatigue; permitting Haines to operate the Tractor Trailer while ill, fatigued and over hours; knowingly violating federal regulations and state laws regarding the responsibilities of motor carriers and the safe operation of commercial motor vehicles; having a negligent mode of operation and poor safety culture that created a danger to all motorists including Plaintiffs; knowingly violating federal and state laws regarding the responsibilities of motor carriers and the safe operation of commercial motor vehicles; and failing to exercise reasonable care under all of the surrounding circumstances.

141. BT-Twiss' negligence was a direct and proximate cause of Ms. Rains' injuries and death and the Wrongful Death Damages.

142. Furthermore, BT-Twiss acted in conscious disregard for the rights and safety of the motoring public by placing more emphasis on profits than on safety and by habitually and recklessly disregarding state and federal laws and regulations and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier, and the safe operation of

commercial motor vehicles, such that it created a culture of danger and zone of risk that was reasonably anticipated to cause injury and death to the traveling public.

143. BT-Twiss' actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Ms. Rains and others, which BT-Twiss knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Plaintiff Joyner demands punitive damages.

**WHEREFORE**, the Plaintiff, Lucille Joyner, Individually and as the Administratrix of the Estate of Janet Rains, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, BT-Twiss Transport, LLC., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT VIII
### Lucille Joyner, Individually And As The Administratrix Of The Estate Of Janet Rains, her daughter Wrongful Death Vicarious Liability v. Defendant Bulova

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

144. At all relevant times, Bulova, directly and/or through its right to control Twiss, BT-Twiss and Haines, routinely employed, selected and contracted with companies and drivers to transport loads.

145.   Driving the Tractor Trailer involved in this Crash constituted work that involved the risk of physical harm unless it was skillfully and carefully done or precautions were taken. Bulova knew or should have known this, but failed to take the necessary precautions with respect to this risk. This negligence also was a proximate cause of the Crash and Plaintiff's resulting Wrongful Death Damages.

146.   At all relevant times, Twiss, BT-Twiss and Haines were each the employee, agent, servant, independent contractor for, or were acting in joint venture with Bulova and operating in the course and scope of this employment, agency, or joint venture.

147.   Bulova retained the right to exercise control over Twiss, BT-Twiss and Haines in connection with this load and Bulova's activities were directed to the details required for the ultimate purpose for which it was hired by the shippers; that is, delivery of a load to its proper destination in a timely fashion.

148.   Bulova is therefore vicariously liable for the acts of Twiss, BT-Twiss and Haines with respect to the Crash.

**WHEREFORE**, the Plaintiff, Lucille Joyner, Individually and as the Administratrix of the Estate of Janet Rains, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Bulova Technologies Group, Inc., under the

applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT IX
### Lucille Joyner, Individually And As The Administratrix Of The Estate Of Janet Rains, her daughter Wrongful Death Active Negligence vs. Defendant Bulova

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

149.   Bulova owed Plaintiffs a duty to transport or arrange for transport of the load in question with due care and failed to do so.

150.   Bulova undertook the duty to transport or arrange for the transport of this load in a commercial motor vehicle and therefore owed Plaintiffs the duty to discharge the undertaken duty in a reasonably prudent manner and breached its undertaken duty as set forth herein.

151.   Furthermore, Bulova had an independent duty to only select and partner/joint venture with safe and competent contractors and motor carriers to transport goods in interstate commerce, including the load in question being transported by the Tractor Trailer.

152.   Bulova breached these duties by retaining or joint venturing with incompetent, unfit and inexperienced contractors or subhaulers, Twiss, BT-Twiss and Haines, to transport the load in question.

153. Bulova knew or should have known of the alleged incompetence, including without limitation that Twiss, BT-Twiss and Haines had multiple hours of service and other FMCSR safety violations; that Twiss and BT-Twiss failed to properly screen, hire, train and supervise its drivers; the Twiss and BT-Twiss permitted medically disqualified drivers, ill and fatigued drivers, and tired drivers over their hours of service limitations to continue to drive commercial motor vehicles; that Twiss and BT-Twiss did not have proper safety systems and audit systems in place to monitor its drivers and correct any safety violations; that Twiss, BT-Twiss and Haines acted in conscious disregard for the rights and safety of the motoring public; and that Twiss, BT-Twiss and Haines habitually and recklessly disregarded state and federal laws, regulations and industry standards governing the safe operation of commercial motor vehicles.

154. The incompetence, lack of fitness and unlawful behavior of Defendants Twiss, BT-Twiss and Haines were a proximate cause of the Crash and Plaintiff's resulting Wrongful Death Damages.

155. Bulova's negligence was a direct and proximate cause of Ms. Rains' injuries and death and the Wrongful Death Damages.

156. Bulova's actions were reckless and demonstrated a conscious disregard of or indifference to the life, rights and safety of Ms. Rains and others,

which Bulova knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Plaintiff Joyner demands punitive damages.

**WHEREFORE**, the Plaintiff, Lucille Joyner, Individually and as the Administratrix of the Estate of Janet Rains, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Bulova Technologies Group, Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

**COUNT X**
**<u>Lucille Joyner, Individually And As The Administratrix Of The Estate Of
Janet Rains, her daughter Wrongful Death Negligent and/or Reckless
Hiring/Supervision Retention v. Defendant Bulova</u>**

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

157.  Bulova owed Plaintiffs a duty to transport or arrange for transport of the load in question with due care and failed to do so.

158.  Bulova undertook the duty to transport or arrange for the transport of this load in a commercial motor vehicle and therefore owed Plaintiffs the duty to discharge the undertaken duty in a reasonably prudent manner and breached its undertaken duty as set forth herein.

159.  Moreover, Bulova had an independent duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other

employees and agents, including Defendant Haines; promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe; and exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

160. Bulova breached these duties by, among other things, failing to investigate Haines' background; negligently hiring, training, retaining and supervising Haines; negligently entrusting the Tractor Trailer to Haines despite his dangerous driving propensity, medical issues, medications and fatigue; permitting Haines to operate the Tractor Trailer while ill, fatigued and over hours; knowingly violating federal regulations and state laws regarding the responsibilities of motor carriers and the safe operation of commercial motor vehicles; having a negligent mode of operation and poor safety culture that created a danger to all motorists including Plaintiffs; knowingly violating federal and state laws regarding the responsibilities of motor carriers and the safe operation of commercial motor vehicles; and failing to exercise reasonable care under all of the surrounding circumstances.

161. Bulova's negligence was a direct and proximate cause of Ms. Rains' injuries and death and the Wrongful Death Damages.

162. Furthermore, Bulova acted in conscious disregard for the rights and safety of the motoring public by placing more emphasis on profits than on safety

and by habitually and recklessly disregarding state and federal laws and regulations and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier, and the safe operation of commercial motor vehicles, such that it created a culture of danger and zone of risk that was reasonably anticipated to cause injury and death to the traveling public.

163. Bulova's actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Ms. Rains and others, which Bulova knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Plaintiff Joyner demands punitive damages.

**WHEREFORE**, the Plaintiff, Lucille Joyner, Individually and as the Administratrix of the Estate of Janet Rains, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Bulova Technologies Group, Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

### COUNT XI
### Lucille Joyner, Individually And As The Administratrix Of The Estate Of Janet Rains, her daughter Wrongful Death Vicarious Liability v. Defendant Disney

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

164. At all relevant times, Disney, directly and/or through its right to control Haines, Twiss, BT-Twiss and/or Bulova routinely employed, selected and contracted with companies and drivers to transport loads.

165. Driving the Tractor Trailer involved in this Crash constituted work that involved the risk of physical harm unless it was skillfully and carefully done or precautions were taken. Disney knew or should have known this, but failed to take the necessary precautions with respect to this risk. This negligence also was a proximate cause of the Crash and Plaintiff's resulting Wrongful Death Damages.

166. Without regard to any employment, agency, independent contractor, joint venture or other relationship, and despite having no broker or motor carrier operating authority, Disney arranged for all of the transportation of the load in question, acted as the motor carrier of the load and then sub-brokered the load to Defendants Twiss, BT-Twiss, Bulova and Haines.

167. Defendant Disney is therefore liable for the load and responsible for the acts of Defendants Twiss, BT-Twiss, Bulova and Haines while transporting the load by operation of law.

168. In addition, at all times material, Defendants Twiss, BT-Twiss, Bulova and Haines were each the employee, agent, servant, joint venture, or independent contractor for Disney and were operating in the course and scope of this employment. Disney retained and exercised a right to control over Twiss, BT-

Twiss, Bulova and Haines in connection with this load and Disney's activities were directed to the details required for the ultimate purpose for which it was hired; that is, delivery of a load to its proper destination in a timely fashion.

169.   Disney contracted with Twiss, BT-Twiss, and/or Bulova to haul the load and exercised substantial control over the load, including but not limited to: requiring regular communications and tracking updates; notifying Disney of any delay; requiring Twiss, BT-Twiss, Bulova or Haines to check in with and obtain load requirements from Disney prior to arriving at the shippers and prior to delivering to the receiving locations; and penalizing Twiss, BT-Twiss, Bulova or Haines for being late to a delivery appointment.

170.   Disney is therefore vicariously liable for the acts of Twiss, BT-Twiss, Bulova and Haines with respect to this Crash.

**WHEREFORE**, the Plaintiff, Lucille Joyner, Individually and as the Administratrix of the Estate of Janet Rains, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Disney Worldwide Services, Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XII
## Lucille Joyner, Individually And As The Administratrix Of The Estate Of Janet Rains, her daughter Wrongful Death Active Negligence v. Defendant Disney

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

171.   Disney owed Plaintiffs a duty to transport or arrange for transport of the load in question with due care and failed to do so.

172.   Disney undertook the duty to transport or arrange for the transport of this load in a commercial motor vehicle and therefore owed Plaintiffs the duty to discharge the undertaken duty in a reasonably prudent manner and breached its undertaken duty as set forth herein.

173.   Furthermore, Disney had an independent duty to only select and partner/joint venture with safe and competent contractors and motor carriers to transport goods in interstate commerce, including the load in question being transported by the Tractor Trailer.

174.   Disney breached these duties by retaining or joint venturing with incompetent, unfit and inexperienced contractors or subhaulers, Twiss, BT-Twiss and Haines, to transport the load in question.

175.   Disney knew or should have known of the alleged incompetence, including without limitation that Twiss, BT-Twiss and Haines had multiple hours of service and other FMCSR safety violations; that Twiss and BT-Twiss failed to

properly screen, hire, train and supervise its drivers; the Twiss and BT-Twiss permitted medically disqualified drivers, ill and fatigued drivers, and tired drivers over their hours of service limitations to continue to drive commercial motor vehicles; that Twiss and BT-Twiss did not have proper safety systems and audit systems in place to monitor its drivers and correct any safety violations; that Twiss, BT-Twiss, Bulova and Haines acted in conscious disregard for the rights and safety of the motoring public; and that Twiss, BT-Twiss, Bulova and Haines habitually and recklessly disregarded state and federal laws, regulations and industry standards governing the safe operation of commercial motor vehicles.

176.   The incompetence, lack of fitness and unlawful behavior of Twiss, BT-Twiss, Bulova and Haines were a proximate cause of the Crash and Plaintiff's resulting Wrongful Death Damages.

177.   Disney's negligence was a direct and proximate cause of Ms. Rains' injuries and death and the Wrongful Death Damages.

178.   Disney's actions were reckless and demonstrated a conscious disregard of or indifference to the life, rights and safety of Ms. Rains and others, which Disney knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Plaintiff Joyner demands punitive damages.

**WHEREFORE**, the Plaintiff, Lucille Joyner, Individually and as the Administratrix of the Estate of Janet Rains, hereby seeks all damages allowed

under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Disney Worldwide Services, Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

### COUNT XIII
### Lucille Joyner, Individually And As The Administratrix Of The Estate Of Janet Rains, her daughter Wrongful Death Negligent and/or Reckless Hiring/Supervision Retention v. Defendant Disney

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

179. Disney owed Plaintiffs a duty to transport or arrange for transport of the load in question with due care and failed to do so.

180. Disney undertook the duty to transport or arrange for the transport of this load in a commercial motor vehicle and therefore owed Plaintiffs the duty to discharge the undertaken duty in a reasonably prudent manner and breached its undertaken duty as set forth herein.

181. Moreover, Disney had an independent duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Haines; promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe; and exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

182.   Disney breached these duties by, among other things, failing to investigate Haines' background; negligently hiring, training, retaining and supervising Haines; negligently entrusting the Tractor Trailer to Haines despite his dangerous driving propensity, medical issues, medications and fatigue; permitting Haines to operate the Tractor Trailer while ill, fatigued and over hours; knowingly violating federal regulations and state laws regarding the responsibilities of motor carriers and the safe operation of commercial motor vehicles; having a negligent mode of operation and poor safety culture that created a danger to all motorists including Plaintiffs; knowingly violating federal and state laws regarding the responsibilities of motor carriers and the safe operation of commercial motor vehicles; and failing to exercise reasonable care under all of the surrounding circumstances.

183.   Disney's negligence was a direct and proximate cause of Ms. Rains' injuries and death and the Wrongful Death Damages.

184.   Furthermore, Disney acted in conscious disregard for the rights and safety of the motoring public by placing more emphasis on profits than on safety and by habitually and recklessly disregarding state and federal laws and regulations and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier, and the safe operation of

commercial motor vehicles, such that it created a culture of danger and zone of risk that was reasonably anticipated to cause injury and death to the traveling public.

185.  Disney's actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Ms. Rains and others, which Disney knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Plaintiff Joyner demands punitive damages.

**WHEREFORE**, the Plaintiff, Lucille Joyner, Individually and as the Administratrix of the Estate of Janet Rains, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Disney Worldwide Services, Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XIV
### Lucille Joyner, Individually And As The Administratrix Of The Estate Of Janet Rains, her daughter Survival Action v. All Defendants

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

186.  The Plaintiff, Lucille Joyner, Individually and as the Administratrix of the Estate of Janet Rains, deceased, also brings this action on behalf of the Estate of Ms. Rains, deceased, pursuant to the Pennsylvania Survival Act, 42 Pa.C.S.A. §8302, and claims on behalf of the Estate all damages recoverable by law,

including the almost daily surgeries Ms. Rains experienced, the constant physical conscious pain and suffering Ms. Rains endured prior to her death, and such other damages as are recoverable in a survival action.

**WHEREFORE**, the Plaintiff, Lucille Joyner, Individually and as the Administratrix of the Estate of Janet Rains, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Disney Worldwide Services, Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XV
## Mr. Dressler Negligence v. Defendant Haines

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

187.   Haines' negligence and recklessness described herein was a direct and proximate cause of Mr. Dressler's Damages.

188.   Haines' actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. Dressler and others, which Haines knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. Dressler demands punitive damages.

**WHEREFORE**, the Plaintiff, Robert Dressler, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to

punitive damages from the Defendant, Robert Edwin Haines, under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XVI
### Mr. Dressler Vicarious Liability v. Defendant Twiss

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

189.   Twiss is responsible for the acts of Haines as a matter of law, which negligence directly and proximately caused Mr. Dressler's Damages.

**WHEREFORE**, the Plaintiff, Robert Dressler, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Twiss Transport Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XVII
### Mr. Dressler Active Negligence v. Defendant Twiss

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference

190.   Twiss' negligence and recklessness described herein was a direct and proximate cause of Mr. Dressler's Damages.

191. Twiss' actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. Dressler and others, which Twiss knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. Dressler demands punitive damages.

**WHEREFORE**, the Plaintiff, Robert Dressler, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Twiss Transport Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XVIII
### Mr. Dressler Negligent and/or Reckless Hiring/Supervision/Retention v. Defendant Twiss

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference

192. Twiss' negligence and recklessness described herein was a direct and proximate cause of Mr. Dressler's Damages.

193. Twiss' actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. Dressler and others, which Twiss knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. Dressler demands punitive damages.

**WHEREFORE**, the Plaintiff, Robert Dressler, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Twiss Transport Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XIX
### Mr. Dressler Vicarious Liability v. Defendant BT-Twiss

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

194.   BT-Twiss is responsible for the acts of Haines and Twiss as a matter of law, which negligence directly and proximately caused Mr. Dressler's Damages.

**WHEREFORE**, the Plaintiff, Robert Dressler, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, BT-Twiss Transport, LLC., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XX
### Mr. Dressler Active Negligence v. Defendant BT-Twiss

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

195. BT-Twiss' negligence and recklessness described herein was a direct and proximate cause of Mr. Dressler's Damages.

196. BT-Twiss' actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. Dressler and others, which BT-Twiss knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. Dressler demands punitive damages.

**WHEREFORE**, the Plaintiff, Robert Dressler, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, BT-Twiss Transport, LLC., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XXI
## Mr. Dressler Negligent and/or Reckless Hiring/Supervision/Retention v. Defendant BT-Twiss

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference

197. BT-Twiss' negligence and recklessness described herein was a direct and proximate cause of Mr. Dressler's Damages.

198. BT-Twiss' actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. Dressler and others,

which BT-Twiss knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. Dressler demands punitive damages.

**WHEREFORE**, the Plaintiff, Robert Dressler, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, BT-Twiss Transport, LLC., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XXII
### Mr. Dressler Vicarious Liability v. Defendant Bulova

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

199.   Bulova is responsible for the acts of Haines, Twiss and BT-Twiss as a matter of law, which negligence directly and proximately caused Mr. Dressler's Damages.

**WHEREFORE**, the Plaintiff, Robert Dressler, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Bulova Technologies Group, Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XXIII
### Mr. Dressler Active Negligence v. Defendant Bulova

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

200.   Bulova's negligence and recklessness described herein was a direct and proximate cause of Mr. Dressler's Damages.

201.   Bulova's actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. Dressler and others, which Bulova knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. Dressler demands punitive damages.

**WHEREFORE**, the Plaintiff, Robert Dressler, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Bulova Technologies Group, Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XXIV
### Mr. Dressler Negligent and/or Reckless Hiring/Supervision/Retention v. Defendant Bulova

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference

202.   Bulova's negligence and recklessness described herein was a direct and proximate cause of Mr. Dressler's Damages.

203. Bulova's actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. Dressler and others, which Bulova knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. Dressler demands punitive damages.

**WHEREFORE**, the Plaintiff, Robert Dressler, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Bulova Technologies Group, Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XXV
## Mr. Dressler Vicarious Liability v. Defendant Disney

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

204. Disney is responsible for the acts of Haines, Twiss, BT-Twiss and Bulova as a matter of law, which negligence directly and proximately caused Mr. Dressler's Damages.

**WHEREFORE**, the Plaintiff, Robert Dressler, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Disney Worldwide Services, Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XXVI
### Mr. Dressler Active Negligence v. Defendant Disney

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

205.   Disney's negligence and recklessness described herein was a direct and proximate cause of Mr. Dressler's Damages.

206.   Disney's actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. Dressler and others, which Disney knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. Dressler demands punitive damages.

**WHEREFORE,** the Plaintiff, Robert Dressler, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Disney Worldwide Services, Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XXVII
### Mr. Dressler Negligent and/or Reckless Hiring/Supervision/Retention v. Defendant Disney

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference

207.   Disney's negligence and recklessness described herein was a direct and proximate cause of Mr. Dressler's Damages.

208. Disney's actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. Dressler and others, which Twiss knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. Dressler demands punitive damages.

**WHEREFORE**, the Plaintiff, Robert Dressler, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Disney Worldwide Services, Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XXVIII
## Mr. McCloe Negligence v. Defendant Haines

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

209. Haines' negligence and recklessness described herein was a direct and proximate cause of Mr. McCloe's Damages.

210. Haines' actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. McCloe and others, which Haines knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. McCloe demands punitive damages.

**WHEREFORE**, the Plaintiff, Jason McCloe, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to

punitive damages from the Defendant, Robert Edwin Haines, under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XXIX
### Mr. McCloe Vicarious Liability v. Defendant Twiss

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

211.   Twiss is responsible for the acts of Haines as a matter of law, which negligence directly and proximately caused Mr. McCloe's Damages.

**WHEREFORE**, the Plaintiff, Jason McCloe, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Twiss Transport Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XXX
### Mr. McCloe Active Negligence v. Defendant Twiss

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference

212.   Twiss' negligence and recklessness described herein was a direct and proximate cause of Mr. McCloe's Damages.

213.   Twiss' actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. McCloe and others, which Twiss knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. McCloe demands punitive damages.

**WHEREFORE**, the Plaintiff, Jason McCloe, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Twiss Transport Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XXXI
## Mr. McCloe Negligent and/or Reckless Hiring/Supervision/Retention v. Defendant Twiss

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference

214.   Twiss' negligence and recklessness described herein was a direct and proximate cause of Mr. McCloe's Damages.

215.   Twiss' actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. McCloe and others, which Twiss knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. McCloe demands punitive damages.

**WHEREFORE**, the Plaintiff, Jason McCloe, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Twiss Transport Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

### COUNT XXXII
### Mr. McCloe Vicarious Liability v. Defendant BT-Twiss

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

216. BT-Twiss is responsible for the acts of Haines and Twiss as a matter of law, which negligence directly and proximately caused Mr. McCloe's Damages.

**WHEREFORE**, the Plaintiff, Jason McCloe, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, BT-Twiss Transport, LLC., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

### COUNT XXXIII
### Mr. McCloe Active Negligence v. Defendant BT-Twiss

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

217.  BT-Twiss' negligence and recklessness described herein was a direct and proximate cause of Mr. McCloe's Damages.

218.  BT-Twiss' actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. McCloe and others, which BT-Twiss knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. McCloe demands punitive damages.

**WHEREFORE**, the Plaintiff, Jason McCloe, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, BT-Twiss Transport, LLC., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XXXIV
### Mr. McCloe Negligent and/or Reckless Hiring/Supervision/Retention v. Defendant BT-Twiss

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference

219.  BT-Twiss' negligence and recklessness described herein was a direct and proximate cause of Mr. McCloe's Damages.

220.  BT-Twiss' actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. McCloe and others,

which BT-Twiss knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. McCloe demands punitive damages.

**WHEREFORE,** the Plaintiff, Jason McCloe, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, BT-Twiss Transport, LLC., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XXXV
## Mr. McCloe Vicarious Liability v. Defendant Bulova

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

221.    Bulova is responsible for the acts of Haines, Twiss and BT-Twiss as a matter of law, which negligence directly and proximately caused Mr. McCloe's Damages.

**WHEREFORE,** the Plaintiff, Jason McCloe, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, BT-Twiss Transport, LLC., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XXXVI
## Mr. McCloe Active Negligence v. Defendant Bulova

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

222. Bulova's negligence and recklessness described herein was a direct and proximate cause of Mr. McCloe's Damages.

223. Bulova's actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. McCloe and others, which Bulova knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. McCloe demands punitive damages.

**WHEREFORE**, the Plaintiff, Jason McCloe, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Bulova Technologies Group, Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XXXVII
## Mr. McCloe Negligent and/or Reckless Hiring/Supervision/Retention v. Defendant Bulova

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference

224. Bulova's negligence and recklessness described herein was a direct and proximate cause of Mr. McCloe's Damages.

225.   Bulova's actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. McCloe and others, which Bulova knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. McCloe demands punitive damages.

**WHEREFORE**, the Plaintiff, Jason McCloe, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Bulova Technologies Group, Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XXXVIII
### Mr. McCloe Vicarious Liability v. Defendant Disney

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

226.   Disney is responsible for the acts of Haines, Twiss, BT-Twiss and Bulova as a matter of law, which negligence directly and proximately caused Mr. McCloe's Damages.

**WHEREFORE**, the Plaintiff, Jason McCloe, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Disney Worldwide Services, Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XXXIX
## Mr. McCloe Active Negligence v. Defendant Disney

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference.

227.   Disney's negligence and recklessness described herein was a direct and proximate cause of Mr. McCloe's Damages.

228.   Disney's actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. McCloe and others, which Disney knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. McCloe demands punitive damages.

**WHEREFORE,** the Plaintiff, Jason McCloe, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Disney Worldwide Services, Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

## COUNT XL
## Mr. McCloe Negligent and/or Reckless Hiring/Supervision/Retention v. Defendant Disney

All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by this reference

229.   Disney' negligence and recklessness described herein was a direct and proximate cause of Mr. McCloe's Damages.

230.  Disney's actions were reckless and demonstrate a conscious disregard of or indifference to the life, rights and safety of Mr. McCloe and others, which Disney knew, or should have known, is reasonably likely to result in injury, damage or death. Accordingly, Mr. McCloe demands punitive damages.

**WHEREFORE**, the Plaintiff, Jason McCloe, hereby seek all damages allowed under the laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Disney Worldwide Services, Inc., under the applicable statutes of the Commonwealth of Pennsylvania and the Federal and Middle District Rules of Court.

Respectfully submitted,

EDWARD J. CIARIMBOLI, ESQUIRE
Pa. Bar ID# 85904
GREGORY E. FELLERMAN, ESQUIRE
PA. Bar ID#81568
COREY S. SUDA, ESQUIRE
Pa. Bar ID# 321940
Fellerman & Ciarimboli Law, P.C.
183 Market Street, Suite 200
Kingston, PA 18704

NEIL T. O'DONNELL, ESQUIRE
Pa. Bar ID# 56509
MICHAEL A. O'DONNELL, ESQUIRE
Pa. Bar ID# 306878
O'Donell Law Offices
267 Wyoming Avenue
Kingston, PA 18704

JOSEPH V. CAMERLENGO, ESQUIRE
Camerlengo & Anderson, P.L.
1200 Riverplace Boulevard, Suite 902
Jacksonville, FL 33207