# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCILLE JOYNER, Individually and as the Administratrix of the Estate of Janet Margaret Rains, her deceased daugther, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BULOVA TECHNOLOGIES GROUP, INC., *et al.*, <br><br> Defendants. | NO. 3:17-CV-1995 <br> (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is a Complaint filed by Plaintiffs Lucille Joyner, individually and as the Administratrix of the Estate of Janet M. Rains, Robert Dressler, and Jason McCloe. (*See* Doc. 1). Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

## I. Background

Plaintiffs commenced this action on October 31, 2017. (*See* Doc. 1). Plaintiffs allege that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the jurisdictional limit and there is complete diversity between Plaintiffs and Defendants. (*See id*. at ¶ 49).

Plaintiff Lucille Joyner, the duly appointed Administratrix of the Estate of Janet M. Rains, "resides at 1006 Colonial Road, Franklin Lakes, New Jersey 07417." (*Id*. at ¶ 1). At the time of her death, Janet M. Rains "resided at 127 Broad Street, Pittston, Pennsylvania 18640." (*Id*. at ¶ 2). Plaintiff Robert Dressler "resides at 152½ South Main Street, Wilkes-Barre, Pennsylvania 18705." (*Id*. at ¶ 3). Plaintiff Jason McCloe "resides at 109 Midland Court, Wilkes-Barre, Pennsylvania 18702." (*Id*. at ¶ 4).

Defendant Twiss Transport, Inc. is a "Florida Profit Corporation with a principal place of business located at 1501 Lake Avenue SE, Largo, Florida 33771." (*Id*. at ¶ 5). Defendant BT-Twiss Transport, LLC is a "Florida Limited Liability company with a principal place of business located at 1501 Lake Avenue, SE, Largo, Florida 33771." (*Id*. at ¶ 6). Defendant Bulova Technologies Group, Inc. is a "Florida Profit Corporation with a principal place of business located at 1501 Lake Avenue SE, Largo, Florida 33771." (*Id*. at ¶ 7). Defendant Disney Worldwide Services, Inc. is a "Florida Profit Corporation with a principal place of business located at 1375 East Buena Vista Drive, 4th Floor North, Lake Buena Vista, Florida 32830." (*Id*. at ¶ 8). Lastly, Defendant Robert Edwin Haines "resides at 0372 126th Avenue Lot 73, Largo, Florida 33773." (*Id*. at ¶ 9).

## II. Discussion

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE N., Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club Comanche, Inc. v. Gov't of the V.I.*, 278 F.3d 250, 255 (3d Cir. 2002)). Plaintiffs' Complaint alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for diversity jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs. of*

2

*Ohio State Univ.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

**A.     Citizenship of Plaintiffs.**

The Complaint fails to adequately allege the citizenship of Plaintiffs. For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state in which he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). Additionally, "where the plaintiff is the representative of the estate of a decedent, the plaintiff is deemed to acquire the citizenship of the decedent at the time of the decedent's death." *Ramsey v. Devereux Found.*, No. 16-299, 2016 WL 3959075, at *3 (E.D. Pa. July 22, 2016) (citing 28 U.S.C. § 1332(c)(2)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

To the extent the Complaint alleges that Plaintiffs (and Decedent) "reside[ ]" in Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") . To properly plead diversity, the state of citizenship of each Plaintiff must be alleged, not merely their state of residence. As the Complaint does not contain these facts, the Court cannot determine whether subject matter jurisdiction exists.

**B.     Citizenship of Defendants.**

The Complaint also fails to properly allege the citizenship of all Defendants.

3

### 1. The Individual Defendant.

For reasons explained above with respect to the allegations regarding the citizenship of Plaintiffs, the allegations of individual Defendant Haines' citizenship are inadequate. Although Haines is alleged to "reside[]" in Florida, this is insufficient. To properly plead diversity, Plaintiffs must allege Haines' state of citizenship, not merely his states of residence.

### 2. The Corporate Defendants.

Plaintiffs also improperly allege the citizenship of Defendants Twiss Transport, Inc., Bulova Technologies Group, Inc., and Disney Worldwide Services, Inc. A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010).

Here, while the Complaint adequately identifies that corporate Defendants are all Florida corporations, the Complaint only alleges that these Defendants have "a principal place of business" in Florida. But, to properly plead the citizenship of these corporations, Plaintiff must allege where each corporation has *its* principal place of business.

### 3. The Limited Liability Company Defendant.

Lastly, the citizenship of the limited liability company Defendant is not properly

4

alleged. As stated above, Defendant BT-Twiss Transport, LLC is a "Florida Limited Liability company with a principal place of business located at 1501 Lake Avenue, SE, Largo, Florida 33771." (Doc. 1, ¶ 6). The citizenship of a limited liability for purposes of diversity jurisdiction is "determined by the citizenship of each of its members." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *see also VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282 (3d Cir. 2014) (a limited liability company "is a citizen of any state in which its members are citizens."); 1 Fed. Proc., L. Ed. § 1:165 (2014) (acknowledging that a "limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens."). Where one or more of a limited liability company's members is itself another limited liability company, the citizenship of each limited liability company must be determined by "trac[ing] through however many layers of partners or members there may be." *Zambelli Fireworks*, 592 F.3d at 420; *accord Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015) (If, after reasonable inquiry, the precise citizenship of a defendant is unknown, a plaintiff may sufficiently plead diversity by "alleg[ing] that the defendant is not a citizen of the plaintiff's state of citizenship").

Here, the Complaint fails to adequately aver the citizenship of Defendant BT-Twiss Transport, LLC. As stated, BT-Twiss Transport, LLC is claimed to be a Florida limited liability company with a principal place of business in Florida is insufficient. To properly plead diversity jurisdiction of the limited liability company Defendant, though, Plaintiffs must allege the citizenship of its member(s). Because the Complaint fails to identify who the member(s) of BT-Twiss Transport, LLC are or what their citizenship is, the Court is unable to determine the existence of diversity jurisdiction as to this Defendant. *Accord Lincoln Ben. Life Co.*, 800 F.3d at 106-110.

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, this matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3).

However, Plaintiffs will be given an opportunity to amend the Complaint to adequately allege the existence of diversity jurisdiction. Plaintiffs will be granted twenty-one (21) days in which to file an amended complaint. Failure to do so will result in this action being dismissed.

 An appropriate order follows.


November 6, 2017                  /s/ A. Richard Caputo
Date                       A. Richard Caputo
                         United States District Judge